IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-200-BO

| | | |
|---|---|---|
| CHRISTINA A. HEARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TOWN OF OAK ISLAND, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). For the reasons that follow, defendant's first motion is denied as moot and the second motion is granted.

## BACKGROUND

Plaintiff Christina Hearn was employed as a sworn police officer with defendant Town of Oak Island, which operates the Oak Island Police Department. DE 13, ¶¶ 1–2. On July 14, 2019, plaintiff was nearing the end of her third twelve-hour shift when she decided to provide backup for Sergeant Hames, who had been dispatched to a disturbance at an Ahoy doughnut shop. *Id.*, ¶¶ 7, 9–10. After arriving at the correct Ahoy doughnut shop location, the complainant advised plaintiff that an intoxicated young male had used his hand to strike the complainant's vehicle, causing damage to the vehicle, before leaving on foot in the direction of the Pirate's Deck. *Id.*, ¶ 12. Plaintiff located a male matching the complainant's description, later identified as Mr. Michael Oswalt, at the Pirate's Deck and noticed that the male was highly intoxicated. *Id.*, ¶¶ 13, 15–16. Plaintiff attempted to discuss the alleged incident with Mr. Oswalt, and, after Mr. Oswalt

repeatedly refused to provide his identification information, she assisted Sergeant Hames in handcuffing the male. *Id.*, ¶¶ 18–27. Mr. Oswalt resisted arrest, and Sergeant Hames and plaintiff had to forcibly push him into plaintiff's car. *Id.*, ¶¶ 28–30. After Mr. Oswalt was processed at the Oak Island Police Department, plaintiff began transporting him to the Brunswick County Detention Center. *Id.*, ¶¶ 31–32. Mr. Oswalt yelled, kicked the patrol car, and hit and kicked the plexiglass shield in the patrol car with such force that she could feel his blows through her car seat. *Id.*, ¶¶ 33–34. While coming around a curve, plaintiff was unable to stop her car quickly enough and collided with a car in front of her in her lane of travel. *Id.*, ¶ 38. Following the collision, defendant investigated the incident. *Id.* at 44.

On July 30, 2019, plaintiff attended a conference with Town Manager David Kelly, Human Resources Officer Deborah Lasek, and Assistant Police Chief Franks. DE 10, ¶ 1. Defendant alleges that the purpose of the meeting was to inform plaintiff that her employment with the Town of Oak Island was being terminated, *id.*, but plaintiff claims that she did not know that the purpose of the meeting was to terminate her employment, DE 18, ¶ 1. The meeting lasted two to three minutes. DE 10, ¶ 5; DE 18, ¶ 3. During the meeting, Mr. Kelly informed plaintiff that the decision had been made to terminate her employment, but that he would give her the option of submitting her resignation in lieu of being terminated. DE 10, ¶ 3. After Mr. Kelly informed plaintiff of her two options, plaintiff asked if she was being terminated "right now." DE 24. Mr. Kelly responded "yes," but told her that she could take a day to determine whether she would like to resign. DE 24. During that meeting, Mr. Kelly also told plaintiff that she needed to turn in several job-related items and to sign a separation agreement. DE 24. Plaintiff subsequently received a letter from Mr. Kelly dated August 1, 2019 referencing the July 30, 2019 meeting and stating that the effective date of plaintiff's termination would be August 1, 2019. DE 13, ¶ 46; DE 13-1.

2

On January 28, 2020, plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission. DE 16-2. On October 19, 2020, plaintiff brought this employment discrimination case under Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. § 2000e-1, *et seq.* DE 1. Plaintiff alleges that defendant discriminated against her on the basis of her sex by wrongfully terminating her employment. DE 13. On January 6, 2021, defendant responded to plaintiff's complaint by filing a motion to dismiss or, in the alternative, for summary judgment. DE 9. Plaintiff, in response, filed an amended complaint. DE 13. Defendant then filed the instant motion to dismiss or, in the alternative, for summary judgment. DE 15.

## DISCUSSION

As a preliminary matter, the Court considers this as a motion for summary judgment because defendant relies in part on an exhibit outside the pleadings and the Court considers this exhibit in its analysis. *See* Fed. R. Civ. P. 12(d) (stating that if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment"); DE 19; DE 22. A movant is entitled to judgment as a matter of law if "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party, and fact is material if it might affect the outcome of the suit under the governing law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotations and alterations omitted). Once the moving party meets its initial burden under Rule 56(c), to survive summary judgment, the nonmoving party must provide sufficient evidence to demonstrate that there is a genuine issue of material fact for trial. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In determining whether a genuine issue of material fact exists for trial, a court must view the evidence in the light most favorable to the nonmoving party unless the nonmovant's version of events is "blatantly contradicted" by the

3

record. *Id.* Moreover, "a mere scintilla of evidence" in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (internal quotations omitted).

Defendant argues in its motion that plaintiff's charge of discrimination filed with the EEOC was untimely. "Title VII directs that a charge shall be filed with the EEOC by or on behalf of a person claiming to be aggrieved within 180 days after the alleged unlawful employment practice occurs." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (internal quotations omitted); *see AMTRAK v. Morgan*, 536 U.S. 101, 110 (2002) (holding that claimant must file an EEOC charge within 180 days after each "discrete" act of discrimination, including termination). Although it is not a jurisdictional requirement, the 180-day time limit is a mandatory deadline, and "a claim is time barred if not filed within these time limits." *Id.*

The 180-day period for filing an EEOC charge begins to run when plaintiff first receives notice of the decision to terminate her employment, even if the "effective" date of the termination is later. *See Green v. Brennan*, 136 S. Ct. 1769, 1782 (2016) (finding that the limitations period begins to run "when the employer notifies the employee he is fired, not on the last day of his employment"); *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (finding that the limitations period began "at the time the tenure decision was made and communicated to [Ricks]"); *Smith v. Univ. of Maryland Baltimore*, 770 Fed. App'x 50, 50–51 (4th Cir. 2019) ("Thus, a discriminatory discharge claim accrues when the employee receives notice of the termination, not the last day of employment."). However, although the limitations period begins to run when plaintiff first receives notice of her termination, the employee must receive "final and unequivocal" notice of the termination, *see English v. Whitfield*, 858 F.2d 957, 961 (4th Cir. 1988), and must know with certainty that the termination will occur, *see Lendo v. Garrett Cty. Bd. of Educ.*, 820

4

F.2d 1365, 1367 (4th Cir. 1987) (finding that the statute of limitations did not begin to run when plaintiff "could not have known with any certainty that he would eventually be denied tenure").

The issue in dispute is whether plaintiff received final and unequivocal notice that her employment was being terminated on July 30, when she attended a two- to three-minute meeting, or on August 1, when Mr. Kelly wrote his termination letter. The Court determines that plaintiff was able to know with certainty that her employment was being terminated on July 30. When plaintiff attempted to clarify whether or not she was being terminated, Mr. Kelly clearly responded "yes." He also told her that she needed to turn in several items given to her for the job, one of which she returned during the meeting, and sign a separation agreement. Based on these occurrences in the meeting, plaintiff was able to know with certainty that her employment was being terminated, even though Mr. Kelly followed up with a termination letter, and defendant is entitled to summary judgment on the claim.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's first motion to dismiss or, in the alternative, motion for summary judgment is DENIED as MOOT [DE 9] and defendant's second motion to dismiss or, in the alternative, motion for summary judgment is GRANTED [DE 15]. The Clerk is directed to close the case.

SO ORDERED, this 16 day of April, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE